**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

NIGHT BOX
FILED

OCT 5 2001

CLERK, USDC / SDFL / WPB

JAMES H. "JIM" BROWN, ET AL

VERSUS

KENNETH D. ROSS, ET AL

CIVIL ACTION NO. 1:92CV1618
JUDGE LITTLE
MAG. JUDGE KIRK

**01-8873**

**CIV-FERGUSON**

**MAGISTRATE JUDGE SNOW**

CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT

I, Robert H. Shemwell, Clerk of this United States District Court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on August 2, 2001, as it appears in the records of this court, and that:

An appeal was taken from this judgment and the appeal was dismissed by order entered on August 17, 2001.

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on September 10, 2001.

cat / div   B. MRMC
Case #   01-8873
Judge   WDF   Mag   LSS
Motn Ifp _____ Fee pd $ 30.00
Receipt #   715154

ROBERT H. SHEMWELL, Clerk of Court

BY: Suzanne Mitchell, Deputy Clerk

Suzanne Mitchell



RECEIVED
USDC, WESTERN DISTRICT, CLERK
ROBERT H. SHEMWELL
DATE 8/2/01
BY mel

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 8/2/01
BY mel

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

JAMES H. "JIM" BROWN
AS COMMISSIONER OF INSURANCE
AND IN HIS CAPACITY AS LIQUIDATOR
OF MIDWEST LIFE INSURANCE COMPANY,
FIDELITY FIRE AND CASUALTY
INSURANCE COMPANY AND PUBLIC
INVESTORS LIFE INSURANCE COMPANY

CASE NO: CV-92-1618-A

CIVIL ACTION

JUDGE LITTLE

MAGISTRATE SIMON

Plaintiff,

VERSUS

KENNETH D. ROSS, et al.

Defendants

01-8873

CIV - FERGUSON

MAGISTRATE JUDGE
SNOW

## JUDGMENT

This matter came before the Court for trial on the issues of Defendants' violation of the RICO statute, 18 U.S.C. 1962, and for breaches of their fiduciary duty of loyalty. The Court signed a Judgment on December 5, 2000, in conformity with its Memorandum Ruling issued October 16, 2000. Plaintiff subsequently filed a Motion for Correction of Judgment pursuant to Fed.R.Civ.P. 60(a), so as to include Defendant Robert F. Shamburger's ("Shamburger") aliases in such Judgment. After considering the record of the proceedings, the applicable law and the evidence presented, the Court hereby corrects its December 5, 2000 Judgment to include Shamburger's aliases.

IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Plaintiff and against Defendants Shamburger (a/k/a "James E. Tyler", a/k/a "James Edward Tyler", a/k/a "J.E. Tyler", a/k/a "J.E. 'Jim' Tyler", a/k/a "James Edward Nahler", a/k/a "James P. Anglin", a/k/a "James E. Mahlen"), Gary E. Jackson ("Jackson"), Kenneth D. Ross ("Ross") and James H.

(525)

1

ATTEST: A TRUE COPY
DATE August 17, 2001
ROBERT H. SHEMWELL, CLERK
By Marcia Leleux
Deputy Clerk, U.S. District Court
Western District of Louisiana

Adams ("Adams"), in solido, for damages resulting from their RICO violations in the Parkway Plaza transactions, in the full principal sum of TWELVE MILLION FOUR HUNDRED THIRTY ONE THOUSAND FIVE HUNDRED EIGHTY-SIX DOLLARS AND 04/00 ($12,431,586.04), which after trebling pursuant to 18 U.S.C. 1964(c), totals THIRTY SEVEN MILLION TWO HUNDRED NINETY FOUR THOUSAND SEVEN HUNDRED FIFTY-EIGHT DOLLARS AND 12/00 ($37,294,758.12), together with prejudgment legal interest, pursuant to La.R.S. 13:4203, thereon from date of judicial demand, namely August 26, 1992, until the date of this judgment, at the rates of judicial interest prescribed by Louisiana law as the same were and are applicable from time to time, and thereafter, reckoning from the date of entry of this judgment, upon the total of both the principal amount and prejudgment interest, at the rates prescribed by 28 U.S.C. 1961(a) until fully paid;

IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Plaintiff and against Defendants Shamburger (a/k/a "James E. Tyler", a/k/a "James Edward Tyler", a/k/a "J.E. Tyler", a/k/a "J.E. 'Jim' Tyler", a/k/a "James Edward Nahler", a/k/a "James P. Anglin", a/k/a "James E. Mahlen"), Jackson, Marion Douglas Wood ("Wood") and Harold Bakkebo ("Bakkebo"), in solido, for damages resulting from their RICO violations in the Grant Street Notes transactions, in the full principal sum of FOUR MILLION FOUR HUNDRED SIXTY-SIX THOUSAND NINETY-ONE DOLLARS AND 82/00 ($4,466,091.82), which after trebling pursuant to 18 U.S.C. 1964(c), totals THIRTEEN MILLION THREE HUNDRED NINETY-EIGHT THOUSAND TWO HUNDRED SEVENTY-FIVE DOLLARS AND 46/00 ($13,398,275.46), together with prejudgment legal interest, pursuant to La.R.S. 13:4203, thereon from date of judicial demand, namely August 26, 1992, until the date of this judgment, at the rates of judicial interest prescribed by Louisiana law as the same were and are applicable from time to time, and thereafter,

reckoning from the date of entry of this judgment, upon the total of both the principal amount and prejudgment interest, at the rates prescribed by 28 U.S.C. 1961(a) until fully paid;

IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Plaintiff and against Defendants Shamburger (a/k/a "James E. Tyler", a/k/a "James Edward Tyler", a/k/a "J.E. Tyler", a/k/a "J.E. 'Jim' Tyler", a/k/a "James Edward Nahler", a/k/a "James P. Anglin", a/k/a "James E. Mahlen"), Jackson, Ross, Adams and Wood, in solido, for damages resulting from their RICO violations in the Tops'l Resort transactions, in the full principal sum of SIX HUNDRED ELEVEN THOUSAND TWO HUNDRED THIRTY DOLLARS AND 21/00 ($611,230.21), which after trebling pursuant to 18 U.S.C. 1964(c), totals ONE MILLION EIGHT HUNDRED SIXTY-ONE THOUSAND FIVE HUNDRED NINETY DOLLARS AND 60/00 ($1,861,590.60), together with prejudgment legal interest, pursuant to La.R.S. 13:4203, thereon from date of judicial demand, namely August 26, 1992, until the date of this judgment, at the rates of judicial interest prescribed by Louisiana law as the same were and are applicable from time to time, and thereafter, reckoning from the date of entry of this judgment, upon the total of both the principal amount and prejudgment interest, at the rates prescribed by 28 U.S.C. 1961(a) until fully paid;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Plaintiff, and against Defendants Shamburger (a/k/a "James E. Tyler", a/k/a "James Edward Tyler", a/k/a "J.E. Tyler", a/k/a "J.E. 'Jim' Tyler", a/k/a "James Edward Nahler", a/k/a "James P. Anglin", a/k/a "James E. Mahlen"), Jackson, Wood and Bakkebo, in solido, for damages resulting from breaches of their fiduciary duty of loyalty to Midwest, in the full principal sum of SEVENTEEN MILLION FIVE HUNDRED EIGHT THOUSAND NINE HUNDRED EIGHT DOLLARS AND 07/00 ($17,508,908.07), together with prejudgment legal interest, pursuant to La.R.S. 13:4203, thereon from date of judicial demand, namely August 26, 1992, until the date of

3

this judgment, at the rates of judicial interest prescribed by Louisiana law as the same were and are applicable from time to time, and thereafter, reckoning from the date of entry of this judgment, upon the total of both the principal amount and prejudgment interest, at the rates prescribed by 28 U.S.C. 1961(a) until fully paid;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that pursuant to 18 U.S.C. 1964(c), there be judgment herein in favor of Plaintiff and against Defendants Shamburger (a/k/a "James E. Tyler", a/k/a "James Edward Tyler", a/k/a "J.E. Tyler", a/k/a "J.E. 'Jim' Tyler", a/k/a "James Edward Nahler", a/k/a "James P. Anglin", a/k/a "James E. Mahlen"), Jackson, Wood, Bakkebo, Ross and Adams, in solido, for attorney's fees incurred by Plaintiff, in the full principal sum of ONE MILLION TWO HUNDRED SEVENTY-EIGHT THOUSAND SIX HUNDRED THIRTY-NINE DOLLARS AND 66/100 ($1,278,639.66), together with interest from the date of entry of this judgment, at the rates prescribed by 28 U.S.C. 1961(a) until fully paid.

Signed this 2 day of Aug, 2001 in Alexandria, Louisiana.

JUDGMENT ENTERED
August 2, 2001
BY Marcia Leleux
COPY Irving Ray
Middleton
Ross
Palmer
Stein
Engelhardt
Wood
Adams
Wood

_____
JUDGE F.A. LITTLE, JR.

4